UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO GRIFFIN,

    Petitioner,

v.                                          Case No. 8:24-cv-415-WFJ-LSG

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER**

Antonio Griffin is a Florida prisoner serving a 13-year sentence for lewd or lascivious battery and unlawful sexual activity with a minor, as well as a concurrent five-year sentence for failure to appear. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Docs. 7, 10). Although afforded the opportunity, Mr. Griffin did not respond to the motion. After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

On March 14, 2016, Mr. Griffin was sentenced to prison for lewd or lascivious battery, unlawful sexual activity with a minor, and failure to appear. (Doc. 1 at 1; Doc. 8-1, Ex. 3). Because he did not appeal, his convictions became final on April 13, 2016, when the time to file a direct appeal expired. *See Bailey v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-1463-TJC-LLL, 2024 WL 964197, at *3 (M.D. Fla. Mar. 6, 2024) ("Because Petitioner did not appeal the [ ] judgment and sentence, his conviction became final when the time to file a direct appeal in the state court expired: thirty days after entry of the judgment. . . ."). The AEDPA limitation period began to run the next day—April 14, 2016.

After 29 days of untolled time, on May 13, 2016, Mr. Griffin filed a motion for sentence reduction under Florida Rule of Criminal Procedure 3.800(c). (Doc. 8-1, Ex. 6, at 1-2). That motion stopped the AEDPA clock. *See Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1278-79 (11th Cir. 2017) (holding that "[a] motion under Rule 3.800(c) . . . tolls the limitations period for a federal habeas petition"). The postconviction court entered an order denying the Rule 3.800(c) motion on May 30, 2017. (Doc. 8-1, Ex. 6, at 3). "Because the denial of this motion was not appealable, [the] AEDPA limitation period began running again the next day"—May 31, 2017.[1] *Hymes v. Sec'y, Dep't of Corr.*, No. 8:22-cv-2922-

---

[1] Respondent contends that the Rule 3.800(c) motion was automatically denied on August 11, 2016—90 days after the motion was filed. (Doc. 10 at 7-8). In support, Respondent relies on the following language from Rule 3.800(c): "[T]he trial court shall have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the motion." Fla. R. Crim. P. 3.800(c). It is unclear whether this provision means that a Rule 3.800(c) motion is deemed automatically

KKM-UAM, 2023 WL 7299890, at *2 (M.D. Fla. Nov. 6, 2023); *see also Spaulding v. State*, 93 So. 3d 473, 474 (Fla. 2d DCA 2012) ("It is well established that an order denying a motion under [R]ule 3.800(c) is not appealable.").

On May 30, 2017—the day before the clock resumed—Mr. Griffin filed a second Rule 3.800(c) motion. (Doc. 10-2, Ex. 7). That motion had no tolling effect, however, because it was subsequently denied as untimely. (*Id.*, Ex. 8). A postconviction motion that is denied as untimely under state law is not "properly filed," and thus does not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Short v. Sec'y, Dep't of Corr.*, No. 3:17-cv-12-MCR-GRJ, 2018 WL 1163476, at *2 (N.D. Fla. Feb. 1, 2018) ("Although a Rule 3.800(c) motion is a tolling application, in this case the motion was dismissed as untimely and for lack of jurisdiction, and therefore it was not 'properly filed' for purposes of tolling the federal limitations period."), *adopted by* 2018 WL 1163405 (N.D. Fla. Mar. 5, 2018).

Therefore, when the clock resumed on May 31, 2017, Mr. Griffin had 336 days—or until May 2, 2018—to file his federal habeas petition. He missed the deadline by several years, filing his petition on February 12, 2024. (Doc. 1 at 15). As a result, this action is untimely.[2]

---

denied if, as happened in this case, the postconviction court fails to rule on it within 90 days. *See Papageorge v. Florida*, No. 23-CV-14068-RAR, 2023 WL 4156698, at *3 n.3 (S.D. Fla. June 23, 2023) ("The Court has been unable to find any state law authority either confirming or refuting its interpretation of Rule 3.800(c)"—*i.e.*, that such a motion is deemed automatically denied "if a state court does not rule on [it] within ninety days."). This issue need not be resolved here. The Court will assume, in Mr. Griffin's favor, that the Rule 3.800(c) motion remained pending until the postconviction court entered an order denying it on May 30, 2017. Even with that generous assumption, the § 2254 petition is still untimely.

[2] On May 23, 2018, Mr. Griffin filed a motion to correct illegal sentence under Rule 3.800(a). (Doc. 10-2, Ex. 9). Then, on July 19, 2018, Mr. Griffin moved for postconviction relief under Rule 3.850. (*Id.*, Ex. 11).

In his petition, Mr. Griffin appears to contend that he is entitled to equitable tolling because he is "intellectually disabled" and thus cannot "understand what a time limitation of one year means." (Doc. 1 at 13-14). AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id*. at 649 (quoting *Pace*, 544 U.S. at 418). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr*., 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

---

These motions had no tolling effect because the limitation period had already expired on May 2, 2018. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.").

Mr. Griffin claims that he is intellectually disabled, but he has not shown that his alleged condition justifies equitable tolling. "[M]ental impairment is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Instead, a petitioner "must establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *see also Hunter*, 587 F.3d at 1308 ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition.").

Mr. Griffin fails to meet his burden. He presents no evidence to support his assertion of mental incapacity, and the record before the Court undercuts his conclusory allegation. Shortly before sentencing, the trial court appointed a psychologist to conduct a competency evaluation of Mr. Griffin. (Doc. 10-2, Ex. 21 (Change of Plea Hearing), at 4). The psychologist reported that Mr. Griffin was "competent to proceed," and that he had "no psych history according to the jail" and her "interview with him." (*Id.* at 6). The court subsequently found Mr. Griffin competent to proceed, noting that during prior hearings he had "seemed to be very clear in thought" and "awfully rational," with no "problem formulating thoughts or understanding concepts." (*Id.* at 12). The court also stated that Mr. Griffin appeared to be "malingering." (*Id.* at 13). These findings, along with Mr. Griffin's "failure to present evidence in support of his assertion of mental incapacity," weigh against the extraordinary remedy of equitable tolling. *Foster v. Sec'y, Fla. Dep't of Corr.*, No. 3:19-cv-1090-BJD-MCR, 2022 WL 309405, at *4 (M.D. Fla. Feb. 2, 2022).

Moreover, Mr. Griffin timely filed a Rule 3.850 motion without the assistance of counsel. (Doc. 10-2, Ex. 11). That motion was ultimately denied on the merits, but Mr.

Griffin's filings were written in plain, comprehensible English. (*Id.*, Exs. 11, 13, 14, 16, 18, 21). Mr. Griffin's ability to timely pursue Rule 3.850 relief undermines any suggestion that he could not comply with AEDPA's limitation period. *See Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010) (holding that equitable tolling was not warranted based on mental illness because, among other things, petitioner "was able to file several *pro se* motions in state court for post-conviction relief"); *Burnett v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-cv-1440-LC-CJK, 2019 WL 920203, at *4 (N.D. Fla. Jan. 23, 2019) ("[Petitioner] fails to explain why he was able to timely pursue the state remedies, but not a federal remedy."), *adopted by* 2019 WL 919592 (N.D. Fla. Feb. 25, 2019).

For these reasons, Mr. Griffin fails to show that his "alleged mental impairment . . . affected [his] ability to file a timely habeas petition." *Hunter*, 587 F.3d at 1308; *see also Foster*, 2022 WL 309405, at *4 ("Petitioner's vague and conclusory contention that his mental condition during the one-year limitation period caused the untimely filing is certainly insufficient to satisfy the requirement that Petitioner present evidence to create a factual issue as to a causal connection between any mental impairment and his ability to file a timely petition."). Therefore, the petition is dismissed as time barred.

Accordingly, it is **ORDERED** that:

1. Mr. Griffin's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Griffin and to **CLOSE** this case.

3. Mr. Griffin is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Griffin must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Griffin cannot satisfy the second prong of the *Slack* test. And because Mr. Griffin is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on October 21, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE